UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **ADAM BERG**        **Plaintiff,**<br>v.<br>**CONGRESS COLLECTION CORPORATION, JOHN DOE AKA, JAMES BLACKBURN, Individually and Jointly,**<br>      **Defendants.** | Case No. 2:10−cv−12177−PDB−MJH<br><br>Judge: PAUL D. BORMAN |

**Stipulated Protective Order**

**Governing Assertions of Confidentiality and Trade Secret Status**

This matter is before the Court on the stipulation of the parties. It appears that the parties anticipate discovery and production of documents which may be the proper subject of a protective order under FRCP 26(c), and that each of the parties will likely seek such protection for information to be produced in discovery. In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters this Protective Order Governing Assertions of Confidentiality and Trade Secret Status.

1. Designation of Confidentiality.

A party responding to requests for production, interrogatories, or requests for admission may, acting in good faith, designate the responsive information to that discovery as "**CONFIDENTIAL**" (hereafter referred to as "information designated as confidential"). That party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "**CONFIDENTIAL**."

2. Protection of Information Designated as Confidential.

Any *information designated as confidential* shall be protected as confidential under the terms of this Order until such time as 1) the Court rules on, and rejects, the designation, or 2) the designating party waives its assertion of confidentiality expressly in writing. At that time, the materials cease to be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

Any information which is designated as confidential may not be used outside this case and may only be used in this litigation. This information may only be disclosed to

- a. Other attorneys and parties appearing in this case who have agreed to be bound by this order.

- b. Staff and office personnel employed by the attorneys and parties who have appeared in this case.

- c. Lay and Expert witnesses disclosed by the parties who have agreed to be bound by this order.

- d. Deponents.

- e. The Court and its personnel under seal, subject to the provisions of this order.

- f. Court reporters engaged to transcribe the proceedings or discovery in this case.

Each person – excepting the Court and its personnel – who receives material subject to the protections of this order shall be given a copy of this order prior to receiving the materials. No person apart from counsel for the parties to this matter may be provided with any material designated as "**CONFIDENTIAL**" unless that person is designated above and has received a copy of this order.

3. <u>Objections to the Designation of Confidentiality</u>.

Any party receiving information designated as confidential may object to that designation at any time. A party who objects to the designation shall serve objections to the designating party. The party designating the information as confidential is responsible for making good faith efforts to arrange for a meet and confer conference. If the parties cannot resolve the objections to the designation, the party designating the information as confidential shall have the right to move the Court to retain such document or other information as confidential. If the party designating the information as confidential files such motion, the receiving party shall continue to retain the document or information as confidential until the Court has ruled otherwise.

4. Use of Confidential Materials At Trial

A party who intends to use any information which is designated as confidential in connection with the trial of this action must identify the document in the joint final pretrial order, along with a separate list of the information which is protected as confidential which that party will seek to submit.

If a motion to seal the record and proceedings is filed and granted, the party seeking to use the information protected as confidential shall file all documents containing that information under seal and those documents shall remain under seal and the proceedings shall remain under seal until such time as the Court rules on the motion.

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

**SO ORDERED.**  S/Paul D. Borman

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 4, 2010.

          S/Denise Goodine
          Case Manager

Stipulated To By:

          /s/ Rex C. Anderson
          Rex C. Anderson, Esq. (P47068)
          Attorney for Plaintiff
          Rex Anderson PC
          9459 Lapeer Rd.
          Davison, MI 48423
          Tel.: (810) 653-3300
          Fax: (810) 658-2510
          rex@rexandersonpc.com

          /s/ Charity A. Olson
          Charity A. Olson, Esq
          Attorney for Defendants (P68295)
          Law Offices of Charity A. Olson, PC
          22142 West Nine Mile Rd
          Southfield MI 48033
          Tel: (248) 356-4400
          Fax: (248) 353-4840
          colson@creditordefenselaw.com